THOMAS F. JOYCE, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF JAMES J. JOYCE, DECEASED, PLAINTIFF, v. CHARLES ENGLEHART AND JOHN TREMBLY, DOING BUSINESS AS YELLOW CAB COMPANY, DEFENDANTS.

Submitted May 16, 1930—Decided January 21, 1931.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *Robert H. Doherty.*

For the defendants, *George F. Seymour, Jr.,* and *Orlando H. Dey.*

PER CURIAM.

The plaintiff's intestate was killed by collision with an automobile at the place where Milton avenue in Rahway passes under the railroad track elevation. He was running across the street from south to north, or in that general direction, for the purpose of reaching the news-stand near the station and getting a newspaper before the train should arrive. Somewhere in the street, before he completed his crossing, he and the automobile collided with fatal results. There was a verdict for the plaintiff of $10,000 which is attacked as against the weight of evidence and also as excessive. We shall dispose of the matter of weight of evidence first.

The primary negligence of the driver of the taxicab which struck the deceased does not seem to be denied; but the contest is over the contributory negligence of the deceased. On a careful reading of the evidence, we are satisfied that such contributory negligence appeared beyond reasonable peradventure, and, consequently, that the verdict was against the weight of evidence in this particular. Ordinarily, when a person is killed under these circumstances there is primarily a presumption that he was in the exercise of reasonable care, but this presumption, like others, may be overcome by proper proof. In the present case we have not only the testimony of the driver of the taxicab, but particularly that of the sister of the deceased from whose testimony the conclusion is almost inescapable that deceased was running across the road without exercising any care to see what was coming from either direction. She said that she screamed to direct his attention to the cab and he just had time to lift his head up and pull his foot back; also that she looked to

find out where he was so that she could warn him and at this time he was looking in the direction of the newspaper stand.

We conclude that the verdict was against the weight of evidence and that the rule must be made absolute. Consequently, it is unnecessary to deal with the question of damages, although we have examined into that point also and conclude that, under the circumstances of the case, they were excessive.